1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    GEORGE I. JOHNSON,                    No. CIV S-06-1745-MCE-CMK-P

12                  Plaintiff,

13          vs.                             <u>ORDER</u>

14    SCOT KERNAN, et al.,

15                  Defendants.

16    _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18    to 42 U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

19          The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

26    This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

                                            1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  BACKGROUND

Plaintiff names the following as defendants: Kernan, Roth, Glantz, Kennedy, Flint, Swopes, Mason, Lynch, Jefferies, Martinez, and Lea.  Plaintiff's claim, in its entirety, is as follows:

### IV.  Statement of Claim

A inmate who was single cell status for years due to his mental and emotional disorders was placed in a cell with me on 11-25-2004, on numerous occaustions I asked officers of 5 Block to please move inmate Stewart.  All officers was approached.  Officer Swopes, Mason, Lynch, Jefferies, Martinez, and all sgt's were approached about a cell move.  Sgt. Glantz, Lt. Flint, Cpt. Lea, Sgt. Roth, Sgt. Kennedy.  All cell move slips were filled out and to no avail the cell move never happened.  This negligence caused inmate Stewart to have a mental collapse, and I suffered serious bodily injury by having boiling hot water thrown onto me by inmate Stewart which caused serious second degree burns to my face, head, neck and shoulder areas and my left eye was fractured due to this assault on 1-16-2005.  Upon return from the hospital on 1-18-2006, Lt. Flint placed me in Ad-Seg not the hospital wing, no treatment.

Plaintiff requests monetary damages.

## II.  DISCUSSION

Plaintiff's complaint suffers from at least two defects.  First, as to defendant Kernan, who is the prison warden and, therefore, necessarily a supervisory defendant, plaintiff has not adequately alleged supervisory liability.  Second, as to plaintiff's substantive claim, it

1  appears that plaintiff is attempting to state an Eighth Amend claim based on: (1) deliberate

2  indifference to inmate safety; and (2) denial of medical treatment.  Plaintiff has not, however,

3  adequately alleged a claim under either theory.

4        **A.**   <u>**Supervisory Liability**</u>

5        Supervisory personnel are generally not liable under § 1983 for the actions of

6  their employees.  <u>See</u> <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is

7  no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

8  violations of subordinates if the supervisor participated in or directed the violations, or knew of

9  the violations and failed to act to prevent them.  <u>See</u> <u>id.</u>   When a defendant holds a supervisory

10  position, the causal link between him and the claimed constitutional violation must be

11  specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v.</u>

12  <u>Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the

13  involvement of supervisory personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v.</u>

14  <u>Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

15        In this case, plaintiff names warden Kernan as a defendant, but does not set forth

16  any specific allegations as to this defendant.  Plaintiff must state how defendant Kernan

17  participated in or directed a violation, or knew of a violation but failed to prevent it. Plaintiff will

18  be given an opportunity to amend his allegations as to defendant Kernan.

19        **B.**   <u>**Eighth Amendment Standards**</u>

20        Based on a liberal reading of the complaint, it appears that plaintiff is alleging

21  Eighth Amendment violations based on two theories – deliberate indifference to inmate safety

22  and denial of medical treatment.  As discussed below, plaintiff has not adequately stated a claim

23  under either theory.

24  / / /

25  / / /

26  / / /

1                     1.     Inmate Safety

2            The treatment a prisoner receives in prison and the conditions under which the

3     prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

4     and unusual punishment.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth

5     Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards,

6     humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  A prison official violates

7     the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or

8     omission must be so serious such that it results in the denial of the minimal civilized measure of

9     life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and

10    wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the

11    Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

12           Here, plaintiff has not alleged that defendants acted with deliberate indifference

13    with respect to his safety concerns.  Specifically, while plaintiff has clearly stated that he made

14    his request for a cell move known to defendants, he has not alleged that defendants knew that

15    inmate Stewart posed a safety risk.  Without prior knowledge, it cannot be said that defendants

16    were deliberate with respect to placing plaintiff with inmate Stewart in order to cause plaintiff

17    harm.  Plaintiff will be given an opportunity to amend these allegations.

18                    2.     Medical Treatment

19           Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

20    injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

21    105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental

22    health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

23    sufficiently serious if the failure to treat a prisoner's condition could result in further significant

24    injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

25    1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

26    Factors indicating seriousness are: (1) whether a reasonable doctor would think that the

                                              4

1   condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's

2   daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.

3   See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

4            The requirement of deliberate indifference is less stringent in medical needs cases

5   than in other Eighth Amendment contexts because the responsibility to provide inmates with

6   medical care does not generally conflict with competing penological concerns. See McGuckin,

7   974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to

8   decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

9   1989). The complete denial of medical attention may constitute deliberate indifference. See

10  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical

11  treatment, or interference with medical treatment, may also constitute deliberate indifference.

12  See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also

13  demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

14           Negligence in diagnosing or treating a medical condition does not, however, give

15  rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a

16  difference of opinion between the prisoner and medical providers concerning the appropriate

17  course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh,

18  90 F.3d 330, 332 (9th Cir. 1996).

19           Plaintiff's allegation that "[u]pon return from the hospital on 1-18-2006, Lt. Flint

20  placed me in Ad-Seg not the hospital wing, no treatment" suggests an Eighth Amendment claim

21  based on denial of medical care. However, plaintiff has not alleged any facts as to the

22  seriousness of the condition which required care upon his return from the hospital. Plaintiff will

23  be given an opportunity to amend the complaint.

24  / / /

25  / / /

26  / / /

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed with leave to amend; and

2.     Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.


DATED:   September 5, 2006.


_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE