1
2
3
4
5
6
7
8                       IN THE UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   GEORGE I. JOHNSON,                          No. CIV S-06-1745-MCE-CMK-P
12              Plaintiff,
13         vs.                                   ORDER
14   SCOT KERNAN, et al.,
15              Defendants.
16   _____/
17         Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant
18   to 42 U.S.C. § 1983.  Pending before the court are the following: (1) plaintiff's motion for an
19   extension of time to file pre-trial documents (Doc. 24); (2) plaintiff's motion for appointment of
20   counsel (Doc. 25); (3) defendants' motion for an extension of time to file a dispositive motion
21   (Doc. 26); (4) plaintiff's motion for leave to take the oral depositions of defendants (Doc. 28);
22   and (5) plaintiff's motion for judicial intervention regarding service of unserved defendants
23   Lynch and Martinez (Doc. 29).
24   / / /
25   / / /
26   / / /

                                                  1

1    Addressing plaintiff's motion for appointment of counsel, the United States
2 Supreme Court has ruled that district courts lack authority to require counsel to represent
3 indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298
4 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of
5 counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th
6 Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case,
7 the court does not at this time find the required exceptional circumstances.  Therefore, plaintiff's
8 motion for appointment of counsel (Doc. 25) is denied.
9    Plaintiff seeks leave to take the oral depositions of defendants.  The motion was
10 filed on July 20, 2007.  Because this request was filed after discovery closed in this action on
11 May 25, 2007, the request (Doc. 28) is denied as untimely.
12    Plaintiff also seeks judicial intervention with respect to service of process on
13 unserved defendants Lynch and Martinez.  Process directed to these defendants was returned
14 unexecuted on January 25, 2007, because the United States Marshal was unable to identify them
15 based on the information provided by plaintiff.  On February 8, 2007, the court issued an order
16 advising plaintiff of ways in which he could obtain more identifying information.  Attached to
17 plaintiff's instant request for judicial intervention is a letter plaintiff sent to prison staff seeking
18 additional identifying information, and the official reply.  Specifically, plaintiff sought the full
19 names of correctional officers whose lasts names were "Martinez" and "Lynch" and who worked
20 on the C-Yard, Building 5, at California State Prison – Sacramento, from November 2004
21 through January 2005.  In the reply, the prison litigation coordinator indicated that, at the times
22 mentioned, no correctional officer named "Lynch" worked on the C-Yard, Building 5, and that
23 there were five officers named "Martinez" who satisfied the conditions outlined by plaintiff.
24 However, as to "Martinez," plaintiff had not provided enough information to identify the
25 appropriate correctional officer.  In his request for judicial intervention, plaintiff has not
26 provided any additional information.  Therefore, plaintiff has not shown that judicial intervention

is warranted or would result in discovery of information necessary to identify defendants Martinez or Lynch. The request (Doc. 29) is, therefore, denied.[1]

Both parties seek modification of the remainder of the trial schedule established in the court's February 8, 2007, scheduling order. Specifically, plaintiff seeks additional time to file pre-trial documents (Doc. 24), and defendants seek additional time to file a dispositive motion (Doc. 26). Good cause appearing therefor, defendants' request is granted. The dispositive motion filing deadline is extended to September 20, 2007. Given this extension, the court sua sponte vacates the pre-trial statement filing deadlines and the January 30, 2008, trial date. At an appropriate stage later in these proceedings, the court will direct the parties to submit status reports concerning re-scheduling the remainder of this litigation. In the meantime, because the deadline for plaintiff to submit pre-trial documents is hereby vacated, plaintiff's motion for an extension of time is denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (Doc. 25) is denied;

2. Plaintiff's motion for leave to take depositions (Doc. 28) is denied as untimely;

3. Plaintiff's motion for judicial intervention (Doc. 29) is denied;

4. Defendants' motion for an extension of the dispositive motion filing deadline (Doc. 26) is granted;

5. Dispositive motions shall be file no later than September 20, 2007;

6. The deadlines for filing pre-trial statements is vacated;

7. The trial set for January 30, 2008, is vacated; and

///

---

[1] By separate order, the court will direct plaintiff to show cause why defendants Martinez and Lynch should not be dismissed from this action for failure to effect timely service as required by Federal Rule of Civil Procedure 4(m).

8. Plaintiff's motion for an extension of time to file pre-trial documents is denied as moot.

DATED: July 26, 2007.

                                   **CRAIG M. KELLISON**
                                   UNITED STATES MAGISTRATE JUDGE